IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOSEPH EDWARD PARKER                                            PLAINTIFF

v.                                                      CIVIL ACTION NO. 2:14-CV-9-KS-MTP

LEAF RIVER CELLULOSE, LLC                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment [69] filed by Plaintiff Joseph Edward Parker and the Motion for Summary Judgment [71] filed by Defendant Leaf River Cellulose, LLC. After considering the submissions of the parties, the record, and the applicable law, the Court finds that Plaintiff's Motion for Summary Judgment [69] is well taken and should be granted. The Court further finds that Defendant's Motion for Summary Judgment [71] is not well taken and should be denied.

**I. BACKGROUND**

Plaintiff Joseph Edward Parker ("Plaintiff") filed this suit on January 23, 2014, against Defendant Leaf River Cellulose, LLC ("Defendant"), claiming that he was wrongfully discharged in violation of Mississippi law. Plaintiff is a resident of Mississippi, and Defendant is a Delaware limited liability company. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Plaintiff began working for Defendant at its plant in New Augusta, Mississippi, in October 2008. (*See* Plaintiff Affidavit [69-1] at ¶ 2.) While employed at the plant, Plaintiff and other employees utilized a parking area which has no gate, fence, or security station, and which "is surrounded on all sides by roadways and open fields." (*See id.* at ¶ 6.) At the entrances of this lot,

signs are posted which state, "THIS PARKING AREA IS FOR THE EXCLUSIVE USE OF GP[1] EMPLOYEES AND THOSE CONDUCTING BUSINESS WITH GP. WEAPONS OF ANY KIND ARE PROHIBITED, TO INCLUDE THE CARRYING OF A PISTOL OR REVOLVER." (*Id.* at ¶ 8.)

On December 12, 2013, Defendant received a report that Plaintiff had a firearm in his locked personal vehicle, and Plaintiff granted permission for his vehicle to be searched. (*Id.* at ¶ 3.) After finding the firearm in the vehicle, Defendant suspended Plaintiff for violating its firearm policy and was ordered to leave the premises. (*See id.* at ¶ 4.) Some time later, Plaintiff approached his supervisor, Don Garner ("Garner"), about the situation because he "was worried about the outcome of his job." (Garner Affidavit [69-12] at ¶ 4.) Plaintiff showed Garner Miss. Code Ann. § 45-9-55, which prevents employers from "prohibiting a person from . . . storing a firearm in a locked vehicle in any parking lot, parking garage, or other designated parking area" unless "access is restricted or limited through the use of a gate, security station or other means . . . ." Miss. Code Ann. § 45-9-55(1)-(2). Upon becoming aware of the situation and this provision of Mississippi law, Garner contacted the head of security for Defendant and made him aware of the potential legal issue. (*See* Garner Affidavit [69-12] at ¶ 5.)

On December 13, 2013, Plaintiff was terminated from his employment.

Plaintiff filed suit on January 23, 2014, and this Court dismissed under Federal Rule of Civil Procedure 12(b)(6) on December 19, 2014, on the basis that Defendant was immune from suit under § 45-9-55 and under Mississippi's at-will employment doctrine. (*See* Order [20].) The Fifth Circuit originally affirmed the dismissal, but reversed it on September 1, 2016, following the

---

[1] "GP" refers to Georgia Pacific LLC, Defendant's parent company. (*See* Memo. in Support [72] at p. 2.)

answer by the Mississippi Supreme Court of a certified question in a case involving the same issue. (*See* USCA Opinion [26].) The case was then remanded back to this Court for further proceedings.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."

*Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

As most of the facts in this case are undisputed, both Motions for Summary Judgment [69][71] turn on the interpretation of Miss. Code Ann. § 45-9-55(2). Therefore, the Court begins its analysis there.

### B. Interpretation of Miss. Code Ann. § 45-9-55(2)

Under Mississippi law,

> [a] private employer may prohibit an employee from transporting or storing a firearm in a vehicle in a parking lot, parking garage, or other parking area the employer provides for employees to which access is restricted or limited through the use of a gate, security station or other means of restricting or limiting general public access onto the property.

Miss. Code Ann. § 45-9-55(2). Defendant directs the Court to Justice Antonin Scalia and Bryan A. Garner's treatise on statutory interpretation to determine the meaning of the phrase "other means." *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* (2012). Specifically, Defendant points to the general-terms canon for guidance. Though Defendant is correct to point to this seminal treatise for guidance, because "other means" is preceded by an "enumeration of two or more things," the proper canon of interpretation to apply in this instance is the *ejusdem generis* canon. Scalia & Garner, *supra*, at 199.

"The *ejusdem generis* canon applies when a drafter has tacked on a catchall phrase at the end of an enumeration of specifics . . . ." *Id.* Under this doctrine, Mississippi law holds that "[w]here general words follow specific words in statutory enumeration, the general words are

4

construed to embrace only those objects similar in nature to those objects enumerated by the preceding specific words." *Flye v. Spotts*, 94 So.3d 240, 245 (Miss. 2012) (quoting 2A *Sutherland Statutory Construction* § 47:17 (Westlaw 7th ed.)). The phrase "other means," then, must be interpreted to be "similar in nature" to a "gate" or "security station." *See id.*; *see also* Scalia & Garner, *supra*, at 199.

Furthermore, the term "security station" must take its meaning from the term "gate" under the doctrine of *noscitur a sociis*, which holds that "[a]ssociated words take their meaning from one another." *State Farm Ins. Co. v. Gay*, 526 So.2d 543, 537 (Miss. 1988); *see also* Scalia & Garner, *supra*, at 195. This means that for a security station to limit or restrict access to the employee parking area under §45-9-55(2), it must limit or restrict access in a way similar to a gate. *See Gay*, 526 So.2d at 537.

The language of the statute, then, allows private employers to prohibit firearms in their employees' cars if access to the employee parking area is restricted or limited by gate, security station, or other similar barrier at or near the point of access. This reading is consistent with the intent of the statute, as gleaned from the legislative session notes, which state that it "allows persons to keep a firearm in their vehicle as long as the parking area is not gated or otherwise restricts [sic] the public's access." Mississippi Legislative Highlights, 2006 Sess.

    C.    **Application of Statute to the Facts at Issue**

        1.    **Security Station**

Defendant contends that the security station at the plant, located across a public road from the parking area and by its own estimate approximately 145 feet away,[2] satisfies the requirements of § 45-9-55(2). Defendant argues that there is no "temporal restriction on the term security

---

[2] Plaintiff contends that the distance is approximately 170 feet.

station." (Defendant's Memo. in Reply [80] at p. 2.) The Court assumes Defendant's argument is that there is no *spatial* restriction in the statute, as a temporal restriction makes no sense in this context.[3] Defendant does not, however, take into account the *noscitur a sociis* canon of interpretation, which provides that the term "security station" must get its meaning from the "gate" term it is associated with, nor does it take into account that the legislative intent of the statute was to exempt private employers who gated or otherwise restricted access to their employees' parking area. *See Gay*, 526 So.2d at 537; Mississippi Legislative Highlights, 2006 Sess.; Scalia & Garner, *supra*, at 195. For a security station to meet the requirements of § 45-9-55(2), then, it must restrict access to the parking area in a way similar to a gate. Because it is obvious that a security station located across a road and nearly half a football field away from the parking area cannot restrict access in this way, the security station at the plant does not meet the requirements of § 45-9-55(2).

### 2. Signage

Defendant also argues that the signs posted at the entrances of the employee lot stating that access is restricted to "GP EMPLOYEES AND THOSE CONDUCTING BUSINESS WITH GP" is sufficient to satisfy the requirements of § 45-9-55(2). This argument is premised in Defendant's belief that the statute does not call for a "physical barrier" at the access points of the lot. (*See* Memo. in Support [72] at p. 13.) This belief does not comport with either the language or the purpose behind § 45-9-55(2), *see supra* II.B, which the Court interprets to require restricted or limited access to the lot, similar to that of a gate or of a security station. Signs restricting access do not do so in a manner consistent with that of a gate or security station. Therefore, the signage posted around the parking area does not satisfy the requirements of § 45-9-55(2).

---

[3] A temporal restriction is a restriction relating to time, which is not relevant here.

Because Defendant has failed to limit or restrict access to its employee parking area in a manner consistent with § 45-9-55(2), it was not entitled to prevent Plaintiff from storing his firearm in his locked vehicle under Mississippi law. Therefore, Defendant's termination of Plaintiff's employment because he kept a firearm in his locked personal vehicle was wrongful. As such, Plaintiff's Motion for Summary Judgment [69] will be **granted** and judgment entered against Defendant on the issue of liability. Defendant's Motion for Summary Judgment [71] will be **denied** as to the issue of liability. The matter will proceed to trial on the issue of damages only.

### D.     Punitive Damages

Defendant also asserts that the punitive damages claim should be dismissed regardless of the Court's determination of the other issues in this case because § 45-9-55(2) has never been interpreted before now and because it would be "odd for [Defendant] to be subject to punitive damages when two federal courts previously held that it could not even be subject to liability under the statute." (Memo. in Support [72] at p. 17.)

Under Mississippi law, to succeed on a claim for punitive damages, "there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others." *Summers ex rel. Dawson v. St. Andrew's Episcopal Sch., Inc.*, 759 So.2d 1203, 1215 (Miss. 2000) (citing *Fowler Butane Gas Co. v. Varner*, 141 So.2d 226, 233 (Miss. 1962)). There is evidence that Defendant had notice prior to Plaintiff's termination that its policy prohibiting firearms in its employees' vehicles could be in violation of Plaintiff's rights under § 45-9-55. (*See* Plaintiff Affidavit [69-1] at ¶ 11; Garner Affidavit [69-12] at ¶¶ 4-6.) Garner, Plaintiff's supervisor, even communicated with GP's head of security that the firearms policy might be in violation of § 45-9-55. (*See* Garner Affidavit [69-12] at ¶ 5.) From

this evidence, a reasonable jury could find that Defendant's actions were in "ruthless disregard for" Plaintiff's rights under § 45-9-55.

The two federal decisions Defendant references, one from this Court and one from the Fifth Circuit, are previous decisions in this case and dealt with employer immunity under § 45-9-55(5). In those cases, both federal courts relied on the language of § 45-9-55(5) and Mississippi's at-will employment doctrine to find that Defendant was immune from suit. *See Parker v. Leaf River Cellulose, L.L.C.*, 621 F.App'x 271, 273-74 (5th Cir. 2015) (per curiam); *Parker v. Leaf River Cellulose, L.L.C.*, 73 F.Supp.3d 687, 689-93 (S.D. Miss. 2014). These decisions were reversed by the Fifth Circuit after the Mississippi Supreme Court issued its opinion in *Swindol v. Aurura Flight Sciences, Corp.*, 194 So.3d 847 (Miss. 2016), which held that neither § 45-9-55(5) nor Mississippi's at-will employment doctrine barred suit when an employer terminated an employee for having a firearm in his locked personal vehicle.

There is no doubt that these cases tend to show that Defendant may have relied on its immunity from suit in good faith. Defendant, however, has not established that relying on immunity from suit in good faith negates a disregard for the rights of others so as to defeat punitive damages. The Court will apply Miss. Code Ann. §11-1-65 and the Plaintiff will be required to establish its right to punitive damages pursuant to this statute. In the meantime, the Court will **deny** its Motion for Summary Judgment [71] with respect to punitive damages as well.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment [69] is **granted**. Judgment is entered against Defendant on the issue of liability, and the matter will proceed to trial on the issue of damages only.

8

IT IS FURTHERED ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [71] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 18th day of May, 2017.

    s/Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE