IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOSEPH EDWARD PARKER                                    PLAINTIFF

v.                                                 CIVIL ACTION NO. 2:14-CV-9-KS-MTP

LEAF RIVER CELLULOSE, LLC                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Certification [82] filed by Defendant Leaf River Cellulose, LLC. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

**I. BACKGROUND**

Plaintiff Joseph Edward Parker ("Plaintiff") filed this suit on January 23, 2014, against Defendant Leaf River Cellulose, LLC ("Defendant"), claiming that he was wrongfully discharged in violation of Mississippi law. Plaintiff is a resident of Mississippi, and Defendant is a Delaware limited liability company. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Plaintiff began working for Defendant at its plant in New Augusta, Mississippi, in October 2008. While employed at the plant, Plaintiff and other employees utilized a parking area which has no gate, fence, or security station, and which "is surrounded on all sides by roadways and open fields." At the entrances of this lot, signs are posted which state, "THIS PARKING AREA IS FOR THE EXCLUSIVE USE OF GP[1] EMPLOYEES AND THOSE CONDUCTING BUSINESS WITH GP. WEAPONS OF ANY KIND ARE PROHIBITED, TO INCLUDE THE CARRYING

---

[1] "GP" refers to Georgia Pacific LLC, Defendant's parent company.

OF A PISTOL OR REVOLVER." There is also a security station at the plant itself, located across a public road from the parking lot and, by Defendant's estimation, approximately 145 feet away.[2]

On December 12, 2013, Defendant received a report that Plaintiff had a firearm in his locked personal vehicle, and Plaintiff granted permission for his vehicle to be searched. After finding the firearm in the vehicle, Defendant suspended Plaintiff for violating its firearm policy and was ordered to leave the premises. (*See id.* at ¶ 4.) On December 13, 2013, Plaintiff was terminated from his employment.

Plaintiff filed suit on January 23, 2014, and this Court dismissed under Federal Rule of Civil Procedure 12(b)(6) on December 19, 2014, on the basis that Defendant was immune from suit under § 45-9-55 and under Mississippi's at-will employment doctrine. (*See* Order [20].) The Fifth Circuit originally affirmed the dismissal, but reversed it on September 1, 2016, following the answer by the Mississippi Supreme Court of a certified question in a case involving the same issue. (*See* USCA Opinion [26].) The case was then remanded back to this Court for further proceedings.

On May 18, 2017, the Court issued an Order [81] granting Plaintiff's Motion for Partial Summary Judgment [69] and denying Defendant's Motion for Summary Judgment [71]. In that Order [81], the Court held that access to Defendant's parking lot was not restricted as required by § 45-9-55(2) by either the signs posted at the lot's entrances or the security station located at the plant, and that it was therefore unlawful for Plaintiff to be terminated for having a firearm in his locked vehicle. In its Order [81], the Court interpreted the language of § 45-9-55(2), which allows employers to prohibit employees from storing firearms in their vehicles if the parking lot "is restricted or limited through the use of a gate, security station or other means of restricting or limiting general public access," to require the lot be "restricted or limited by a gate, security station,

---

[2] Plaintiff estimates that it is 170 feet.

or other similar barrier at or near the point of access." (Order [81] at p. 5.) The Court left the question of damages for trial. It is this Order [81] which Defendant seeks to have certified for an interlocutory appeal in his Motion for Certification [82].

## II. DISCUSSION

### A. Standard of Review

The Fifth Circuit has held that "[i]nterlocutory appeals are not favored" and that courts should "strictly construe statutes permitting them." *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 292 (5th Cir. 2007) (citing *Complaint of Ingram Towing Co.*, 59 F.3d 415, 515 (5th Cir. 1995)). "Interlocutory appeals should . . . be limited to those that are expressly allowed . . . in order to conform to the jurisdictional pattern prescribed by Congress, which is intended to permit appeal from orders of serious, perhaps irreparable consequence." *Commodity Futures Trading Comm'n v. Preferred Capital Inv. Co.*, 664 F.2d 1316, 1319-20 (5th Cir. 1982). The decision to certify an order for interlocutory appeal is within the discretion of the Court. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47, 115 S. Ct. 1203, 131 L.Ed.2d 60 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").

Under 28 U.S.C. § 1292(b), the Court may only certify an order for interlocutory appeal if such order (1) "involves a controlling question of law," (2) "there is substantial ground for difference of opinion" as to that question of law, and (3) "an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b). All three criteria must be met before an order is certified for interlocutory appeal. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. Unit A Apr. 1981). There is little doubt that the first criterion is met, as parties agree that the interpretation of § 45-9-55(2) is a controlling question of law in this case.

The Court therefore only analyzes whether there is a substantial ground for difference of opinion on this question and whether an immediate appeal may materially advance this litigation.

### B.     Substantial Ground for Difference of Opinion

Defendant's argument for why there is a substantial ground for difference of opinion as to the interpretation of § 45-9-55(2) is based in the fact that the interpretation of the statute is a matter of first impression. However, "simply because a court is the first to rule on a question . . . does not qualify the issue as one over which there is substantial disagreement." *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 724 (N.D. Tex. 2006) (citing 4 Am.Jur.2d *Appellate Review* § 128 (2005)). It is only when questions of first impression are "novel and difficult" that courts typically find a substantial ground for difference of opinion. *Id.* at 723-24.

Here, the interpretation of § 45-9-55(2) is not a difficult question of law. The only reasonable reading of the language of the statute is the one adopted by this Court. This reading further comported with the legislative history behind the statute. Furthermore, the differing interpretation offered by Defendant in its Motion for Summary Judgment [71] was unpersuasive and misapplied the methods of interpretation on which it relied. The Court therefore cannot find that there is a substantial ground for difference of opinion as to the interpretation of § 45-9-55(2).

### C.     Materially Advance the Ultimate Termination of Litigation

"The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996) (citing *Milbert v. Bison Labs.*, 260 F.2d 431, 433-35 (3d Cir. 1958)). "The institutional efficiency of the federal court system is among the chief concerns motivating § 1292(b)." *Ryan*, 444 F.Supp.2d at 723 (quoting *Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96 Civ. 2136 (RWS), 1997 WL 473566, at *6 (S.D.N.Y. Aug. 18, 1997)). "A . . . key concern consistently underlying

§ 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.'" *Id.* (quoting *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)).

In the current case, the Court does not find that an interlocutory appeal will contribute to the efficiency of the court system or "speed up the litigation." Trial in this matter is set for trial on September 4, 2017, which is less than three months away. After the conclusion of this trial and the entry of final judgment, Defendant will be able to take its appeal to the Fifth Circuit. However, if the Court allowed an interlocutory appeal, the trial would be substantially delayed until the Fifth Circuit ruled on such appeal. If the Court's Order [81] was affirmed by this appeal, the case would be remanded for trial, after which Defendant would be allowed to appeal once again. The Court finds that it would be more efficient to move forward with the imminent trial on damages and allow all issues to be appealed at once.[3]

Because the Court does not find that there is a substantial ground for difference of opinion on the interpretation of § 45-9-55(2) and because an interlocutory appeal would not serve the efficiency of the litigation, the Court will **deny** Defendant's Motion for Certification [82].

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Certification [82] is **denied**.

SO ORDERED AND ADJUDGED on this the __26th__ day of June, 2017.

    __s/Keith Starrett_____
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE

---

[3] Defendant in it's Reply [87] states that settlement is highly unlikely because of the far-reaching implications of the Court's interpretation of § 45-9-55(2) and the need for the Fifth Circuit to address this issue. The Court, however, sees no reason why the parties could not, if they wished, craft a settlement agreement that allowed for an appeal of the Court's Order [81].