# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JOSEPH EDWARD PARKER                                PLAINTIFF

v.                                 CIVIL ACTION NO. 2:14-CV-9-KS-MTP

LEAF RIVER CELLULOSE, LLC                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion *In Limine* Regarding Punitive Damages Evidence ("Motion on Punitive Damages) [90] and the Motion *In Limine* to Exclude Evidence Regarding Special Damages ("Motion on Special Damages") [92] filed by Defendant Leaf River Cellulose, LLC ("Defendant"). After considering the submissions of the parties, the record, and the applicable law, the Court finds that neither motion is well taken and both should be denied.

## I. DISCUSSION

### A. Motion on Punitive Damages [90]

Much of Defendant's arguments for the exclusion of punitive damages in this case were addressed in its previous motion for summary judgment and are premised on the fact that no court has ever interpreted § 45-9-55(2) before. However, as the Court noted in a previous Order [88], "[t]he only reasonable reading of the language of the statute is the one adopted by this Court. This reading further comported with the legislative history behind the statute." (Order [88] at p. 4.) Though the Court may have employed certain interpretative tools to further articulate the meaning of the statute, on its face, § 45-9-55(2) unambiguously requires a physically restricted parking area in order for employers to lawfully prohibit the storage of guns in their employees' personal vehicles. Therefore, as the Court previously acknowledged, to obtain punitive damages, Plaintiff must establish that Defendant showed a "ruthless disregard" for his rights under § 45-9-55(2). The

Court finds that Plaintiff should have his chance at trial to do so. The Motion on Punitive Damages [90], then, will be **denied**.

### B. Motion on Special Damages [92]

Pursuant to Federal Rule of Civil Procedure 9(g), "[i]f an item of special damage is claimed, it must be specifically stated." The Court agrees that Plaintiff has failed to plead emotional distress and reputational damage with the particularity required by Rule 9(g). However, the Fifth Circuit has stated that "[f]ailure to plead special damages does not bar recovery if the defect can be cured by amendment." *Crosby v. Old Republic Ins. Co.*, 978 F.2d 210, 211 n.1 (5th Cir. 1992) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1312 (1990)). In *Crosby*, the special damages claim was not advanced until the pretrial conferences, and the Fifth Circuit held that the district court did not err in considering the claim as if the pleadings had been amended. *Id.* Here, it is clear from the record that Plaintiff can set forth specific allegations to support his special damages, and that Defendant will not be prejudiced if amendment is allowed because it has had ample notice of these claims. The Court will therefore allow for the amendment of his pleadings to reflect these particularities in order to comply with Rule 9(g), and the Motion on Special Damages [92] will be **denied**.

## II. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion on Punitive Damages [90] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion on Special Damages [92] is **denied**.

SO ORDERED AND ADJUDGED on this the ___9th___ day of August, 2017.

___s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT JUDGE